**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4156**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TERRELL BATTLE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:15-cr-00165-FL-1)

Submitted: October 20, 2016          Decided: November 10, 2016

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Battle pled guilty to two counts of mailing threatening communications to a federal official, in violation of 18 U.S.C. § 876(c) (2012), and was sentenced to two concurrent terms of 15 months in prison. Battle now appeals, claiming that the sentence is substantively unreasonable. We affirm.

We review a sentence "under a deferential abuse-of-discretion standard." See Gall v. United States, 552 U.S. 38, 41 (2007). When reviewing for substantive reasonableness, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence . . . satisfied the standards set forth in [18 U.S.C. §] 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the correctly calculated Sentencing Guidelines range, as it is here, we presume that the sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). This presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Dowell, 771 F.3d 162, 176 (4th Cir. 2014) (internal quotation marks omitted).

At Battle's sentencing, the district court stated that it had considered the presentence report, the Guidelines, the § 3553(a) factors, and Battle's arguments for a downward variance, which are identical to those arguments raised on appeal. The court exercised its "extremely broad discretion" to weigh the mitigating factors identified by Battle against the seriousness of the offenses and Battle's criminal history. United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). Ultimately, the court concluded that the mitigating factors warranted a sentence at the low end of the Guidelines range rather than a downward variance.

We conclude that the sentence is substantively reasonable and that Battle failed to rebut the presumption of reasonableness we accord the within-Guidelines sentence. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED